UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-447-RLV
(3:03-cr-64-RLV-1)

| | |
|---|---|
| ANTWAINE LAMAR MCCOY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court upon Respondent's motion to stay this action and hold it in abeyance. (Doc. 3.) Petitioner is represented by the Federal Defenders of Western North Carolina.

On June 16, 2004, Petitioner pled guilty to possession with intent to distribute cocaine and cocaine base and possession of a firearm by a convicted felon. The presentence investigative report found that Petitioner had at least two qualifying prior convictions that triggered the career-offender enhancement under U.S.S.G. § 4B1.2: (1) a 1992 North Carolina conviction for possession with intent to sell and deliver cocaine; and (2) a 1994 North Carolina conviction for voluntary manslaughter. On February 14, 2005, the Court imposed a sentence of 262 months in prison. (Motion to Vacate 1-2, Doc. No. 1.)

On June 20, 2016, Petitioner commenced this action by filing a motion to vacate pursuant to 28 U.S.C. § 2255. (Doc. No. 1.) Petitioner challenges the Court's application of the career-offender provision of the United States Sentencing Guidelines in determining his advisory guideline range, asserting that his prior conviction for voluntary manslaughter no longer qualifies

1

as a "crime of violence" under the Sentencing Guidelines in the light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).

On September 2, 2016, Respondent filed the instant motion to stay and hold these proceedings in abeyance pending the United States Supreme Court's decision in Beckles v. United States, No. 15-8544. (Doc. No. 4.) According to Respondent, Beckles presents three questions that are relevant to, or dispositive of, Petitioner's Motion: "(1) whether Johnson's constitutional holding applies to the residual clause of the definition of 'crime of violence' in the career-offender guideline; (2) if so, whether Johnson's invalidation of the residual clause of the career-offender guideline applies retroactively on collateral review; and (3) whether possession of a sawed-off shotgun, an offense listed as a 'crime of violence' in the commentary of the career-offender guideline, remains a crime of violence after Johnson." (Doc. No. 3 at 1-2.)

Respondent states that counsel for Petitioner consents to the motion to stay. For the reasons stated by Respondent, and without objection from Petitioner, the Court concludes that the motion should be granted.

**IT IS, THEREFORE, ORDERED** that Respondent's motion to stay (Doc. No. 3) is **GRANTED**, and this matter is held in abeyance pending the Supreme Court's decision in Beckles. Thereafter, Respondent shall have 60 days from the date the Supreme Court decides Beckles to file a response to Petitioner's § 2255 motion to vacate.

Signed: October 7, 2016

Richard L. Voorhees
United States District Judge